UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERILYN DAVIS,<br><br>                    Plaintiffs,<br><br>   v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, a foreign corporation,<br><br>                    Defendant. | NO. 3:24-cv-5506-DGE<br><br>STIPULATED PROTECTIVE ORDER |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of State Farm's confidential, proprietary, trade secret, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-5506-DGE - 1

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following categories of documents, information (including electronically stored information), and tangible things if produced or otherwise exchanged:

   1) Sensitive personal information, such as Social Security Numbers and financial records. This includes tax records, bank account statements and bookkeeping records that were not previously provided to State Farm as part of the claims process or underwriting process;

   2) Claims training and procedure manuals and other materials that contain trade secret, confidential, internal-use only, and/or proprietary research, development, and/or commercial information of State Farm;

   3) Materials relating to employee evaluations, compensation, performance reviews, and/or other sensitive, personal, non-job related, and private information;

   4) Claims-handling and claims process materials, underwriting materials, insurance pricing, and/or documents relating to State Farm policies and practices; and

   5) Any other proprietary, confidential, competitively sensitive, internal-use only, non-public material of a sensitive or proprietary nature, reinsurance, or trade secret information of State Farm and its related entities, financial information, training materials, and contracts or agreements with third parties.

The parties reserve the right to seek by stipulation or motion to enlarge this list as discovery proceeds in the event that Plaintiff seeks additional information not included in the above description which is entitled to protections and is otherwise discoverable under Federal Rule of Civil Procedure 26 and the local rules.

3. SCOPE

   3.1   The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by State Farm in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2    Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the court or permitted in writing by State Farn, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in-house counsel) of the receiving party (if any) to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, including the court personnel and staff, court reporters and staff, as well as mediators, arbitrators, jury consultants, or factfinder(s) while in trial;

(e)    copy or imaging services retained by Plaintiff's counsel to assist in the duplication of confidential material, provided that counsel instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by State Farm or ordered by the court. Pages of transcribed

deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, Plaintiff shall confer with State Farm, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether State Farm will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, State Farm must identify the basis for sealing the specific confidential information at issue, and Plaintiff shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. In designating materials for protection under this Order, State Farm must take care to limit any such designation to specific material that qualifies under the appropriate standards. State Farm must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit

of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose State Farm to sanctions.

If it comes to State Farm's attention that materials that it designated for protection do not qualify for protection, State Farm must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, sections 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), State Farm must affix the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, State Farm also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   Testimony given in deposition or in other pretrial proceedings: State Farm must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. State Farm, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If State Farm desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)   Other tangible items: State Farm must affix in a prominent place on the

exterior of the container or containers in which the item is stored the word "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified material does not, standing alone, waive State Farm's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, State Farm may file and serve a motion to retain confidentiality under Local Civil

Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on State Farm. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any material designated in this action as "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER," that party must:

(a) promptly notify State Farm in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1 If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-5506-DGE - 7

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1 When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON TERMINATION AND RETURN OF DOCUMENTS

10.1 Within 60 days after the termination of this action, including all appeals, Plaintiff must shred (if paper) or delete (if electronic) all confidential materials, as well as all copies and extracts. Alternatively, the parties may agree upon appropriate methods of destruction.

10.2 Notwithstanding this provision, Plaintiff's counsel may retain one archival copy of: all documents filed with the court; trial, deposition, and hearing transcripts; deposition and trial exhibits; expert reports; and attorney work product. Counsel's one archival copy is for the sole and exclusive purpose of complying with any Rule of Professional Conduct and ethical obligations owed to their respective clients.

10.3 The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. The obligations of this Order shall survive the termination of this action and continue to bind the parties.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 16, 2025

                              FORSBERG & UMLAUF, P.S.

                              *s/Rishabh R. Agny*
                              Ryan J. Hesselgesser, WSBA #40720
                              Rishabh R. Agny, WSBA #49721
                              401 Union St., Suite 1400
                              Seattle, WA  98101
                              Phone:  (206) 689-8500
                              rhesselgesser@foum.law
                              ragny@foum.law
                              *Attorneys for Defendant*

Dated: January 16, 2025        EMBER LAW PLLC

                              *s/Leah S. Snyder*
                              Leah S. Snyder, WSBA #44384
                              Chance Yager, WSBA #54486
                              1700 Seventh Ave., Suite 2100
                              Seattle, WA  98101
                              Phone: 206-899-6816
                              leah@emberlaw.com
                              chance@emberlaw.com
                              *Attorneys for Plaintiff*

1 PURSUANT TO STIPULATION, IT IS SO ORDERED

2  IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or other information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents or information, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

Dated this 23rd day of January, 2025.

David G. Estudillo
United States District Judge

EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *[Case name]*, Case No. \_\_\_\_\_.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, including the term that within 60 days after the termination of this action, including all appeals, I shall provide written confirmation to counsel of record for Plaintiff that documents and transcripts of testimony that have been designated by State Farm as Confidential or as disclosing the contents of Confidential documents have been shredded (if paper) or deleted (if electronic), including the shredding and deletion of all copies, extracts, notes, reports, memoranda, summaries thereof, or other documents containing such confidential information except one archival copy.  I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:    _____

Printed name: _____

Signature: _____